CONCURRENCE GIBBONS, Circuit Judge, concurring. This case is one of three cases with related issues in which opinions were filed, by cooperation of all three panels, on the same date. No poll was requested in the other cases. At the core of each case is interpretation of the particular collective bargaining agreement (CBA) at issue in that case. Resolution in each case depended on the examination of the agreement’s terms. In my view, the factual differences between the cases determined the outcomes. Because the facts dictated the results, the cases can be reconciled. The global issue of retiree health care guarantees is not presented here. The issue in this case is whether the CBA at issue provided Comprehensive lifetime healthcare benefits for covered retirees and their surviving spouses. The answer to that question depended on a close examination of the provisions of the CBA, the history of the parties, and evidence that supported a finding that the UAW and Kelsey-Hayes “understood the language in the 1998 CBA to create lifetime healthcare benefits for Detroit plant retirees.” Kelsey-Hayes, 854 F.3d at 869. The panel majority noted, “[sjpecifically, Kelsey-Hayes has both acted in a manner that supports finding vested healthcare rights and provided retiree plaintiffs with additional written documentation that their healthcare was for life.” Id. This sort of factual focus hardly presents a question of exceptional importance. The interpretation of Gallo v. Moen, Inc., 813 F.3d 265 (6th Cir. 2016), is the issue separating the majority and dissents in Kelsey-Hayes and Reese v. CNH Industrial N.V., 854 F.3d 877 (6th Cir. 2017). From my perspective, Gallo represents a clear application of the Supreme Court’s message in M & G Polymers USA, LLC v. Tackett, — U.S. -, 135 S.Ct. 926, 190 L.Ed.2d 809 (2015), followed up in Tackett v. M & G Polymers USA LLC, 811 F.3d 204 (6th Cir. 2016) (Tackett III), to apply ordinary contract principles. The Gallo panel looked to the language of that particular CBA and also to the absence of certain language, following the Supreme Court’s caution in Tackett: “when a contract is silent as to the duration of retirement benefits, a court may not infer that the parties intended those benefits to vest for life.” Tackett, 135 S.Ct. at 937; Gallo, 813 F.3d at 268. In Gallo, the pertinent facts were the presence of a general-duration clause, coupled with the absence of any provision extending the contract beyond its end date. If Gallo is regarded as simply another case whose resolution depended on examination of a factual record and application of old and tested contract construction principles, there is no conflict at all among our cases. The only tension arises from viewing Gallo as more than a factual precedent and making it a legal precedent for dissimilar cases. My position, set out in section III.B of the Kelsey-Hayes majority, is that Gallo by its terms does not have the meaning suggested by the dissents in Kelsey-Hayes and Reese but is merely a case where the contract was unambiguous and did not vest benefits for life. If one takes Gallo beyond that and treats it as articulating a more generally applicable legal principle, it likely conflicts with Tackett III, which is the earlier case and controls. Even though there was a general duration clause in the 1998 CBA between the parties in Kelsey-Hayes, other language created ambiguity about what the parties intended. Cole v. Meritor, Inc., 855 F.3d 695, 699 (6th Cir. 2017) by contrast, has facts the opinion called “indistinguishable” from those in Gallo, making Gallo an appropriate factual precedent for that case. And Judge Gilman’s dissent in Kelsey-Hayes is based on an evaluation of that case as also being factually indistinguishable from Gallo, a point with which the majority disagreed. I share Judge Sutton’s concern that rehearing this case en banc would not yield any productive results. A difference of-opinion about whether one case is factually similar to another is not good fodder for en banc review. The differing results in our cases are a natural byproduct of a necessarily factual inquiry. There is no issue of exceptional importance and no other basis for en banc review. For these reasons, I concur in the denial of en banc review.